# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **ASHLEY C. GUERDAN AND** | |
| **CATHERINE E. GUERDAN** | **PLAINTIFFS** |
| | |
| vs. | **CIVIL ACTION No.: 3:22-CV-144-HTW-LGI** |
| | |
| **STATE AUTOMOBILE MUTUAL** | |
| **INSURANCE COMPANY, ET AL.** | **DEFENDANTS** |

## ORDER

BEFORE THIS COURT is Plaintiffs' Motion to Remand **[Docket no. 21]**, contested by Defendants State Automobile Mutual Insurance Company and Meridian Security Insurance Company, who removed this action from the Circuit Court of Hinds County, First Judicial District, Mississippi.

Plaintiffs herein are Ashley Guerdan and Catherine Guerdan, adult resident citizens of Mississippi ("Plaintiffs" or "Guerdans"). Defendants are: (1) State Automobile Mutual Insurance Company, a foreign[1] insurance company; (2) Meridian Security Insurance Company, a foreign insurance company; (3) Community Bank of Mississippi, a Mississippi corporation; (4) Jason Sykes, an agent of State Automobile, Meridian, and Community Bank, and adult resident citizen of Mississippi; (5) M.B.I. Holdings, LLC, f/k/a and d/b/a M.B.I. Group, LLC, a Mississippi limited liability company; (6) Michael Bishop, an agent of M.B.I. Holdings, LLC, and adult resident citizen of Mississippi; (7) Ulist LLC, a Mississippi limited liability company; (8) Linda Burleson, an agent of Ulist LLC, and adult resident citizen of Mississippi; (9) Brad Burleson, an agent of Ulist LLC, and adult resident citizen of Mississippi; (10) Caliber Home Loans, Inc., a foreign

---

[1] When this court utilizes the word "foreign", this court is referring to a State other than Mississippi.

limited liability company; (11) Pennymac Loan Services, LLC, a foreign limited liability company; and (12) unknown entities John and Jane Does A-E[2] (collectively, "Defendants").

Plaintiffs are two sisters who, on May 18, 2018, purchased a historic home in Terry, Mississippi, utilizing the services of Mississippi real estate brokers, Brad and Linda Burleson, individually, and through their agency, "Ulist LLC" (collectively, "the Burlesons"). According to Plaintiffs, the Burlesons influenced Plaintiffs to use the services of a number of other professionals in matters relating to the home purchase, to wit: Jason Sykes ("Sykes"), a loan officer with Community Bank of Mississippi ("Community Bank"). Sykes then allegedly obtained insurance on the Plaintiffs' home through Mississippi citizens Michael Bishop ("Bishop"); M.B.I. Holdings, LLC ("MBI"), State Automobile Mutual Insurance Company/Meridian Security Insurance Company ("State Auto/Meridian"). Plaintiffs entered into a mortgage agreement with Community Bank for $174,284 to purchase the home. According to Plaintiffs, Community Bank subsequently sold the note to Caliber Home Loans, Inc. ("Caliber"). Caliber then sold the note to Pennymac Loan Services, LLC ("Pennymac").

On April 22, 2020, Plaintiffs' historic home was severely damaged by a giant oak tree that crashed through the middle of Plaintiffs' home, rendering the home a total loss. Plaintiffs made a timely claim for benefits to State Auto / Meridian. Supposedly, only after their loss and claim did Plaintiffs receive, for the first time, a copy of the insurance policy – which State Auto/ Meridian claim did not provide coverage for damages caused by wind (or damages caused by anything other than fire, lightening, or internal explosion). At all material times, Plaintiffs say they believed that

---

[2] b) Removal based on diversity of citizenship. --(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
28 U.S.C.A. § 1441 (West)

their home was fully insured against all perils – as they had been allegedly assured by Sykes when he had promised to obtain such coverage on their behalf.

State Auto / Meridian denied Plaintiffs' claim on May 1, 2020, contending that the Policy only protects against the peril of fire. In response, Plaintiffs filed a Complaint with the Mississippi Insurance Department. State Auto / Meridian responded by claiming they had contacted Defendant Bishop and that Bishop claimed he had offered Plaintiffs a policy that would have covered all perils – but that Plaintiffs had rejected that policy because the premium was too high.

Because of State Auto / Meridian's alleged wrongful denial of their claim, Plaintiffs say they have been and continue to be forced to share a two-room home with their parents – Ashley Guerdan sleeping on the couch and Catherine in a chair. Both Plaintiffs say they have suffered financial hardship and severe emotional distress, anxiety, and resulting physical symptoms requiring medical treatment and care.

Plaintiffs filed suit in the Circuit Court of Hinds County, Mississippi ("state court") against eleven named defendants (including seven non-diverse defendants) on February 7, 2022. Plaintiffs' Amended Complaint was filed in that state court on March 4, 2022. State Auto and Meridian, hereinafter referred to as the "removing defendants", removed the case from state court to this federal court on March 15, 2022.

In their removal papers, removing defendants contend that this court has subject matter jurisdiction over this lawsuit by way of Title 28 U.S.C. § 1332[3], diversity of citizenship.

---

[3] Title 28 U.S.C. § 1332 states:

   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—
      (1) Citizens of different States…

The diversity statute requires complete diversity between all named plaintiffs and all named defendants. See *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Consequently, this court in *Martone, et al. v. SWM Towers, Inc.*, et al. No. 3:13-CV-804-HTW-LRA (S.D. Miss. September 2, 2014) ruled: To be entitled to this federal forum, defendants must establish that all of these non-defendants are improperly joined; if even one Mississippi defendant is a proper defendant in this litigation, this court must remand this matter to state court because complete diversity between plaintiffs and all defendants would not exist. *Id.*; see *Sullivan v. Leaf River Forest Prods., Inc.*, 791 F.Supp. 627, 630 (S.D. Miss. 1991). *Id* at 12 -13.

Underscoring this pronouncement, Plaintiffs proclaim that this lawsuit clearly pits Mississippi plaintiffs against Mississippi defendants, an observation which unmistakably shows that diversity of the competing parties is entirely absent here. The Plaintiff sisters here are Mississippi citizens. Seven (7) of the defendants are Mississippi citizens[4].

These 7 Defendants, add Plaintiffs, are appropriately sued in this litigation because Plaintiffs have valid and provable claims against each one. Even if Plaintiffs have valid claims against only one of the seven, say Plaintiffs, this court would not have diversity jurisdiction.

Plaintiffs are correct in their understanding of the strictures of §1332-- complete diversity of the parties' citizenship indeed is required[5].

---

[4] Jason Sykes; Michael Bishop; Linda Burleson; Brad Burleson; Community Bank of Mississippi; M.B.I. Holdings, LLC; and Ulist LLC.

[5] Section 1332 also speaks to the amount-in-controversy, 75,000, exclusive of interests and costs, which also must exist. This requirement is not a contested factor here, though.

Defendants counter, though, that the seven non-diverse Defendants pled in this action are here improperly. Defendants contend they have been fraudulently joined[6] because none of the seven would be amenable to suit in state court on a count of the passage of the statute of limitations, whose violation embraces all of them.

**Applicable Law**

A federal court with diversity jurisdiction applies the substantive law of the forum state. *Learmonth v. Sears, Roebuck & Co.* 710 F.3d 249, 258 (5th Cir. 2013). Mississippi is the forum state for the lawsuit *sub judice*. Thus, obedient to the longstanding doctrine of *Erie Railroad Co., v. Tompkins*, 304 U.S. 64 (1938), this court, sitting in Mississippi, applies the substantive law of Mississippi to this dispute.

**Removal and Remand**

"[F]ederal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm*, 603 F.3d 290, 292 (5th Cir. 2010) (citation and quotation marks omitted). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest, and the matter is between citizens of different states. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011) (citing 28 U.S.C. § 1332). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing

---

[6] Defendants also alleged in their removal papers that these seven non-diverse defendants were also fraudulently misjoined. The case of *Williams v. Homeland Ins. Co.*, 18 F.4th 806, 814 (5th Cir. 2021) has spoken to the distinction between "fraudulent joinder" and "fraudulent misjoinder". Relative to misjoinder, in Williams, the United States Court of Appeals for the Fifth Circuit rejected "fraudulent misjoinder" as a basis for removal this circuit. Here, this court need not concern itself with misjoinder.

5

the place where such action is pending." 28 U.S.C. § 1441(a) [7]. Defendants are entitled to remove under §1332 to a federal forum unless an in-state defendant has been properly joined. *Smallwood v. Illinois Cen. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)., and "any contested issues of facts and any ambiguities of state law must be resolved in the [non-removing party's] favor." *Cuevas*, 648 F.3d at 249. "[B]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Church v. Nationwide Ins. Co.*, No. 3:10-cv-636, 2011 WL 2112416, at *2 (S.D. Miss. May 26, 2011) (quoting *Guiterrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)).

### **Improper or Fraudulent Joinder**[8]

The doctrine of improper joinder "implements the [federal courts'] duty to not allow manipulation of our jurisdiction." *Smallwood*, 385 F.3d at 576. "[A] non-diverse party is improperly joined if the plaintiff is unable 'to establish a cause of action against the non-diverse party in state court.'" *Flagg v. Stryker Corp*. 819 F.3d 132, 136 (5th Cir. 2016) (citation omitted). Simply stated, "the test for improper joinder 'is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant.'" *Id*. (citation omitted). Where the Court finds that a defendant has been improperly joined, it "may disregard the

---

[7] § 1441. Removal of civil actions
 **(a) Generally.**--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[8] This court uses the terms "improper joinder" and "fraudulent joinder" interchangeably. The removing defendants allude to "improper joinder" in their submissions, while the Plaintiffs employ the term "fraudulent joinder". Notably, Mississippi law concerning both terms is the same.

6

citizenship of that defendant [for diversity purposes], dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Id*.

To establish fraudulent or improper joinder, the removing party bears the burden of demonstrating "(1) actual fraud in the pleadings of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal,* 408 F.3d at 183 (citation omitted). "[A] court may choose to use either one of the two analyses, but it must use one and only one of them, not neither or both." *Int'l Energy Ventures Magmt., LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016). Jurisdictional facts are determined at the time of the removal, and the district court "must examine the plaintiff's possibility of recovery against the defendant *at the time of removal*." *Flagg*, 819 F.3d at 137 (emphasis in original). While the removing party's burden of demonstrating improper joinder is a heavy one, more than a mere theoretical possibility of recovery under state law is needed to survive a claim of improper joinder. *Stewart v. Glenburney Healthcare*, No. 5:08-cv-270, 2008 WL 5412311, at *2 (S.D. Miss. Dec. 28, 2008) (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

In determining whether a non-diverse defendant has been improperly joined, the court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Bell v. Texaco, Inc.*, 493 Fed. App'x, 587, 591 (5th Cir. 2012) (citing *Smallwood*, 385 F.3d at 573).[9] Alternatively, the district court may, in its discretion, "pierce the pleadings" to consider

---

[9] Generally, the plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F. Supp. 2d 835, 840 (S.D. Miss. July 12, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In conducting this

summary judgment-type evidence. *Smallwood*, 385 F.3d at 573-74. "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.,* at 573.

This Court can resolve Plaintiff's Motion to Remand with an analysis of Rule12(b)(6)[10] of the Federal Rules of Civil Procedure. To survive a 12(b)(6) motion under this heightened pleading standard, a complaint must state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "**Threadbare recitals** of the elements of a cause of action, supported by mere conclusory statements, **do not suffice**." *Iqbal*, at 678 (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The allegations of the complaint must have "nudged [the] claims across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 569. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, at 678 (quoting *Twombly*, 550 U.S. at 557). In *Iqbal*, the plaintiff alleged that the defendants "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement . . . ." 556 U.S. at 680. The United States Supreme Court held that these are mere "bare assertions" which amount to a "formulaic recitation of the elements" of the claim. *Id.* at 681. The Supreme Court held that the "allegations are conclusory and not entitled to be assumed true." *Id.*

---

analysis on a motion to remand, the district court must apply the federal pleading standard. *Int'l Energy Ventures*, 818 F.3d at 208.

[10] (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … 6) failure to state a claim upon which relief can be granted;
Fed. R. Civ. P. 12

**Discussion**

Plaintiffs argue that this court should remand this matter to state court for lack of diversity subject matter jurisdiction because Plaintiffs and seven named defendants herein are Mississippi residents. Further, argue Plaintiffs, because Defendants failed to join each of the seven defendants in the Notice of Removal [Docket no. 1], the Notice of Removal is procedurally flawed.

The removing defendants, contrariwise, assert that this case is properly before this court. According to the Defendants, each of the non-diverse Defendants is fraudulently joined (therefore properly excluded from the Notice of Removal) because the statute of limitations- 3 years- has run on the time period during which Plaintiffs should have filed their lawsuit against Defendants.

Whether this court should grant or deny remand, then, depends on the court's perspective on the statute of limitations.

**Defendants' Position**

Meridian issued policy number 1000195656 to the Plaintiffs on May 14, 2018. Meridian included a notice to Ashley Guerdan that she should sign the e-sign documents. On May 15, 2018, Meridian sent a second notice to Ashley Guerdan requesting that she e-sign the documents. Ashley Guerdan, on May 15, 2018, followed the e-sign instructions and consented to electronic delivery of policy documents. The signature form contains what appears to be the type-written name of Ashely C. Guerdan, and the type-written recitation that allegedly was signed on May 15, 2018.

The consent form states, in pertinent form:

> Consent to electronic delivery By (sic) selecting "I AGREE" button further below, you consent to, at no additional cost to you, **to receive** the information about your insurance with us solely in electronic format:
> …**When you receive an email from us** (at the email address you provided to us) **alerting you that an action is required or information is available** in the insured portal, www.mystateautoportal.com, hereafter referred to as "web portal", you would promptly access the web portal to read the message(s) and to access the information

>about your insurance with us…When there is new information at the web portal for your review, **we will let you know via the email** address you provided us…

[Docket no. 43-5]. Meridian contends that by her signature, Ashley Guerdan, on behalf of herself and her sister, consented to receive policy documents via Meridian's web portal for both the initial policy term and any renewals. Even after opting-in to electronic delivery, the Guerdans had the option of requesting "a paper copy of the materials delivered via this web portal". [Nania Dec. ¶ 6, Ex. D]. The Guerdans did not do that, but they did access Meridian's web portal again. [Id, ¶ 7].

As a matter of law, argues Meridian, the Guerdans knew what their Meridian policy covered, and what it did not, because they had consented to electronic delivery and had online access to their policy through the Meridian web portal. They knew this on May 15, 2018, but they did not sue until February 7, 2022. Resultedly, all of the Guerdans' claims related to the procurement of the Merdian policy (the only claims against the non-diverse Defendants) are barred by Mississippi's 3-year statute of limitations. Miss Code Ann §15-1-49[11].

The Guerdans, though, allege that Sykes represented "that their home property would be and was fully covered against all perils". That statement has to be viewed in the context where the Guerdans had access to their policy and the Mississippi law pertaining to this matter. Oral agreements do not have any effect on written insurance contracts. *Stephens v. Equitable Life Insurance Soc'y*. 850 So. 2d 78, 83 (Miss. 2003). See also *Hutton v. Am. Gen. Life & Accident*

---

[11] (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

(2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

(3) The provisions of subsection (2) of this section shall apply to all pending and subsequently filed actions.
Miss. Code. Ann. § 15-1-49 (West)

10

*Insurance Co*. 909 So. 2d 87, 95 (Miss. Ct. App. 2005) (finding reliance on an agent's assertions to be unwarranted when the agent's assertions are later contradicted by the insurance policy).

The Mississippi Supreme Court has held that:

[A] written contract cannot be varied by prior oral agreements. Moreover, as an evidentiary matter, parol evidence to vary the terms of a written contract is inadmissible. Finally, a person is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract.

*Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co.,* 584 So.2d 1254, 1257 (Miss.1991) (citations omitted).

The Guerdans say they did not know that their policy did not cover the peril of wind. Meridian, though, points out that the Guerdans, who had access to their policy by virtue of their e-sign permission, had a duty to read the insurance contract and knowledge of the contract's terms will be imported to them even where they have refused to read the contract. *Cherry v. Anthony,* 501 So.2d 416, 419 (Miss.1987)(citing *Atlas Roofing Mfg. Co., v. Robinson & Julienne, Inc.,* 279 So.2d 625, 629 (Miss.1973)). Continuing, argues Meridian, this bedrock principle of Mississippi law is not altered when the policy is only accessible online. *Goodwin v. Progressive Gulf Ins. Co*. 3:19-cv-447-CWR-LRA, 2019 WL 6718986, 2019 U.S. Dist. LEXIS 212519, at *9 (SD Miss. Dec. 10, 2019).

### The Guerdans' Position

The attorneys for the Guerdans, on the other hand, contend that the form in issue does not bear the actual signatures of their clients. They suggest that the type-written signature could have been submitted by one of the agents. If this challenge be substantiated, the e-sign form would not provide any basis for Meridian to rely upon Misssissippi's above-stated laws.

11

In that eventuality, the Guerdans say that this court should hold first that the Guerdans never signed the e-sign policy declaration, and further, in the absence of this document, this court should view the insurance policy as ambiguous since the policy is styled "ALL PERILS". The Guerdans thus conclude that this misnomer was confusing and where confusion exists in any insurance policy, the policy holder is entitled to the proceeds of the policy. *See United States Fid. & Guar. Co. v. Omnibank,* 812 So.2d 196, 198 (Miss.2002) (citing *Nationwide Mut. Ins. Co. v. Garriga,* 636 So.2d 658, 662 (Miss.1994)).

On this matter of alleged confusion, Meridian points out that the Guerdans never paid any premiums for any coverage other than fire, lightening and internal explosion. The Guerdans, adds Meridian, do not claim that they paid a premium for extended coverage, which would include coverage for windstorm or hail. They do not claim that a premium for extended coverage is shown in the Declarations on either the original policy bought in 2018 or the renewed policy in effect when the tree fell on their house. They do not claim that fire, lightening, or an internal explosion caused the tree to fall.

**RULING**

Again, the central question here is whether the Guerdans submitted the e-sign form. Meridian says they did. The Guerdans say they did not. In search of an answer to this core question, this court has determined, at this point, to deny remand, and to allow the parties to conduct limited discovery on this issue. Apparently, Meridian is relying upon its business records[12] and the

---

[12] Federal Rule of Evidence 803 (6) provides:

Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term

Guerdans will be relying on their testimony. This court will allow forty-five (45) days for limited discovery on this main issue.

In passing, this court recognizes that Plaintiffs have dedicated much argument and many pages to their contention that the Defendants have admitted that the Defendants' removal was frivolous. This effort has not impressed the court. This court has an unflagging obligation to determine its own subject matter jurisdiction. The parties cannot convey subject matter jurisdiction on this court, nor deny the court's reach when subject matter jurisdiction is apparent. When the removing defendants removed this case from state court to this federal forum, the removing defendants relied upon two theories for removal: fradulent joinder and fraduent misjoinder. The removing defendants seemingly were unaware that the United States Court of Appeals for the Fifth Circuit recently has held that fraudulent misjoinder is not a proper theory any longer for removal[13]. Leaping upon Defendants' misguided reliance for fraudulent misjoinder, Plaintiffs attacked the whole of Defendants' removal, but Defendants removed also on the basis of fraudulent joinder based upon the elapse of the statute of limitations. If this is so, then this court, pursuant to this theory, is obliged to hold that Plaintiffs cannot recover in state court against the non-diverse Defendants. This court, consequently, would have subject matter jurisdiction over the parties remaining, notwithstanding any contrary opinion by any other parties. Accordingly, this court is not impressed with the argument whether the removing Defendants "admitted that their removal was frivolous".

---

"business" as used in this paragraph includes business institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
Fed. R. Evid. 806(6).

[13] See Footnote 6.

**CONCLUSION**

For all the reasons stated herein,

**IT IS HEREBY ORDERED** that Defendants' Motion to Remand **[Docket no. 21]** is **DENIED**.

**IT IS FURTHER ORDERED** that the Parties hereby are granted forty-five (45) days from the entry of this Order to conduct limited discovery, as prescribed above.

**IT IS FURTHER ORDERED THAT**, in light of this court's ruling herein, Defendant Caliver Home Loans, Inc.'s *Motion to Dismiss Plaintiff's Amended Complaint* **[Docket no. 8]** and Defendant Pennymac Loan Services, LLC *Motion to Dismiss Plaintiff's Amended Complaint* **[Docket no 37]** are **DENIED without PREJUDICE** at this juncture. Defendants may re-urge their respective Motions to Dismiss at the conclusion of the forty-five day limited discovery period.

**IT IS FINALLY ORDERED** that Defendants State Automobile and Meridian's Motion **[Docket no. 27]** for an Extension of Time to Respond to Plaintiffs' Motion to Remand hereby is **DISMISSED as MOOT.**

SO ORDERED this the 21st day of March, 2023.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT COURT