# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **ASHLEY C. GUERDAN and** | |
| **CATHERINE E. GUERDAN** | **PLAINTIFFS** |
| vs. | **CIVIL ACTION No.: 3:22-CV-144-HTW-LGI** |
| **STATE FARM AND CASUALTY COMPANY, et al.** | **DEFENDANTS** |

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

Before this Court is Plaintffs Ashley C. Guerdan and Catherine E. Guerdan's ("Plaintiffs") Motion for Reconsideration **[ECF No. 57]** of this Court's Order Denying Remand [ECF No. 54]. After careful consideration of the parties' arguments and applicable law, this Court DENIES Plaintiffs' Motion for Reconsideration for the reasons set forth below.

### I.     PERTINENT BACKGROUND

On May 18, 2018, Plaintiffs purchased a home in Terry, Mississippi. As part of the purchase process, Plaintiffs obtained a property insurance policy from Defendant Meridian Security Insurance Company ("Meridian"), a subsidiary of Defendant State Automobile Mutual Insurance Company (collectively "State Auto').

Meridian issued the policy on May 14, 2028, and emailed Ashley Guerdan, requesting that she electronically sign certain documents, including a consent to electronic delivery of the policy. Ashley Guerdan allegedly signed the e-sign form on May 15, 2018, agreeing to receive policy documents solely in electronic format. Meridian then delivered the policy to Plaintiffs via State Auto's web portal.

1

On April 23, 2020, Plaintiffs' home suffered damage. After State Auto denied coverage, Plaintiffs filed a complaint with the Mississippi Insurance Department (MID). In response to MID's inquiry, State Auto explained that Plaintiffs' policy did not include wind damage coverage

Plaintiffs filed suit in state court against State Auto and several non-diverse defendants, including insurance agent Michael Bishop ("Bishop"), loan officer Jason Sykes ("Sykes")[1], and real estate agents Brad and Linda Burleson ("Burlesons"). State Auto removed the case to federal court based on diversity jurisdiction, arguing that the non-diverse defendants were improperly joined.

This Court denied Plaintiffs' motion to remand and ordered limited discovery on the issue of whether Plaintiffs had submitted the e-sign form[2]. Plaintiffs now seek reconsideration of that order, arguing that this Court failed properly to consider their intentional infliction of emotion distress (IIED) claim against Bishop, as well as their fiduciary duty claims against Sykes and the Burlesons.

## II.    JURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity of citizenship between plaintiffs and defendants and an amount in controversy exceeding $75,000, exclusive of interest and costs. *Id*. For diversity jurisdiction to attach, the removing parties must demonstrate that non-diverse defendants were fraudulently joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). established the standard for improper joinder, stating that a defendant must demonstrate either "(1) actual fraud in the pleading

---

[1] On 3/12/2025, this Court dismissed Defendant Sykes from this lawsuit; however, for purposes of this Motion for Reconsideration, this Court addresses Plaintiffs' claims against Sykes herein.

[2] This limited Discovery Period ended on May 5, 2023.

of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.*

Complete diversity exists between the Plaintiffs, who are citizens of Mississippi, and Defendants State Auto and Meridian, which are Ohio corporations with their principal places of business in Ohio. The amount in controversy exceeds $75,000, exclusive of interest and costs. While Plaintiffs have named non-diverse defendants, this Court has found that those defendants were improperly joined [ECF No. 54].

### III.    CHOICE OF LAW

This Court, sitting in Mississippi, must apply the choice-of-law rules of Mississippi. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In contract disputes, Mississippi courts apply the law of the state with the most substantial contacts to the transaction. *Green v. Cleary Water, Sewer & Fire Dist.*, 910 So. 2d 1, 8 (Miss. Ct. App. 2004), *rev'd*, 910 So. 2d 1022 (Miss. 2005). Here, the insurance policy was issued in Mississippi, covered property located in Mississippi, and was procured (at least in part) by Mississippi-based agents. As such, Mississippi law governs the breach of contract and bad faith claims.

For tort claims, Mississippi applies the 'center of gravity' test, considering factors like the place of the injury, the place of the conduct causing the injury, and the domicile/residence of the parties. *Boardman v. United Servs. Auto. Ass'n,* 470 So. 2d 1024, 1031 (Miss. 1985). The alleged tortious conduct (negligence, fraud, IIED) occurred primarily in Mississippi, and the plaintiffs are Mississippi residents; therefore, Mississippi law applies to all claims in this action."

## IV.     LEGAL STANDARD

Plaintiffs filed their Motion under the auspices of Federal Rule of Civil Procedure 60[3]; however, their motion, filed six days after this Court's Order denying remand, is properly considered under Rule 59(e)[4]. Rule 59(e) allows a litigant to file a "motion to alter or amend a judgment within 28 days from entry of the judgment, with no possibility of an extension *See* Fed. Rule Civ. Proc. 6(b)(2) (prohibiting extensions to Rule 59(e)'s deadline). The Rule gives a district court the chance "to rectify its own mistakes in the period immediately following" its decision. *White v. New Hampshire Dep't of Emp. Sec.,* 455 U.S. 445, 450, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982).

Under Rule 59(e), reconsideration is warranted only if there has been (1) an intervening change in controlling law, (2) new evidence not previously available has come to light, or (3) there is a need to correct a clear error of law or prevent manifest injustice. See *Banister v. Davis,* 590 U.S. 504, 507–08, 140 S. Ct. 1698, 1703, 207 L. Ed. 2d 58 (2020).

The United States Court of Appeals for the Fifth Circuit has held that reconsideration under Rule 59(e) is an "extraordinary remedy" that should be used "sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The Court in *Templet* further emphasized that Rule 59(e)

---

[3] FRCP 60 states, in pertinent part:
**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.
Fed. R. Civ. P. 60

[4] The complete text of Rule 59 (e) reads: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

"serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id*.

## V.     ANALYSIS

### A.     Plaintiffs' IIED Claim Against Bishop

Plaintiffs argue that their IIED claim against Bishop arose from his allegedly false statements to State Auto in May 2020. Bishop, say the Plaintiffs, falsely represented that he presented Ashley Guerdan with an insurance quote for all perils coverage, and that she knowingly rejected it in favor of a policy that provided lesser coverage for a lesser premium. Plaintiffs assert that Bishop's intentional misrepresentations were outrageous, malicious, and caused Plaintiffs emotional distress.

The Mississippi Supreme Court has set a high bar for emotional distress claims. In *Entergy Mississippi, Inc. v. Acey*, 153 So. 3d 670, 679-80 (Miss. 2014), the court outlined the requirements for negligent infliction of emotional distress, emphasizing that the defendant's actions must be directed towards the plaintiff and that the emotional distress must be a direct and foreseeable result of those actions.

To survive fraudulent joinder scrutiny, Plaintiffs must demonstrate a "reasonable basis" for recovery under Mississippi's stringent IIED standard. *Pointer v. Rite Aid Headquarters Corp.*, 327 So. 3d 159, 170–71 (Miss. Ct. App. 2021). Mississippi requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Speed v. Scott*, 787 So. 2d 626, 630 (Miss. 2001).

Bishop's alleged misrepresentations to State Farm—even if false—do not rise to the level of "outrageous conduct" required under Mississippi law. Courts consistently reject IIED claims

based on post-denial insurance communications. *See, e.g., Vicari v. Ysleta Indep. Sch. Dist.,* 546 F. Supp. 2d 387, 396 (W.D. Tex.), *aff'd in part,* 291 F. App'x 614 (5th Cir. 2008) (denying IIED claim where insurer denied coverage and made false statements).

Plaintiffs, further, fail to allege a direct causal link between Bishop's statements and their emotional distress. Generalized allegations of "anxiety" or "stress" are insufficient absent physical harm or medically documented trauma. *See Leaf River Forest Prods., Inc. v. Ferguson,* 662 So. 2d 648, 659 (Miss. 1995).

Next, Bishop's allegedly distressing acts, the false statements, were not directed towards Plaintiffs but towards State Auto in response to its inquiries. Plaintiffs' alleged emotional distress was not a direct result of Bishop's actions, as it was State Auto that communicated Bishop's statements to MID. Furthermore, it was not foreseeable to Bishop that Plaintiffs would be emotionally distressed by information included in State Auto's response to MID.

Finally, Plaintiffs assert that Defendants' failure to rebut the IIED claim in their response constitutes concession. Plaintiffs' procedural concession argument fails, however, because fraudulent joinder analysis requires the Court to evaluate jurisdictional facts *sua sponte*, irrespective of opposing counsel's arguments. *Smallwood,* 385 F.3d at 573.

### B.    Fiduciary Duty Claims

Plaintiffs argue the "discovery rule" delays accrual of fiduciary duty claims until post-loss. Under Mississippi's "discovery rule," the limitations period begins when a plaintiff "knew or should have known" of the alleged injury. *Sutherland v. Ritter*, 959 So. 2d 1004, 1008 (Miss. 2007). This injury, say the Plaintiffs, occurred when they lost their home in 2020.

Mississippi law, however, is clear that such claims accrue at the time of the breach, not when the plaintiff discovers it. *Trustmark Nat'l Bank v. Meador*, 81 So. 3d 1112, 1117 (Miss.

2012). The alleged failure to secure adequate coverage occurred in 2018, when Plaintiffs procured the policy. This Court finds that it correctly treated Plaintiff's claims as procurement claims, subject to the three-year statute of limitations.

Additionally, Plaintiffs fail to establish that a fiduciary relationship existed under Mississippi law. Real estate agents generally owe duties to the party who employs them, not third parties. *Levens v. Campbell*, 733 So. 2d 753, 761 (Miss. 1999). Plaintiffs do not allege any contractual or statutory basis for fiduciary obligations between themselves and the Burlesons. Similarly, under Mississippi law, lenders and borrowers are typically not in a fiduciary relationship. *Hopewell Enterprises, Inc. v. Trustmark Nat'l Bank*, 680 So. 2d 812, 816 (Miss. 1996). Accordingly, Plaintiffs' have no viable fiduciary duty claims against Sykes and the Burlesons.

### C. Jurisdictional Certainty and Fraudulent Joinder

Under Fifth Circuit precedent, fraudulent joinder requires "no possibility of recovery" against non-diverse defendants. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003). Defendants must show Plaintiffs' claims are "wholly insubstantial and frivolous." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 554 (5th Cir. 1981). Here, Plaintiffs' IIED and fiduciary duty claims fail under Mississippi's substantive law.

Allowing reconsideration would undermine the finality of removal rulings and encourage piecemeal litigation. *See In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002).

## VI. CONCLUSION

Based on the foregoing analysis, this Court's original decision to deny remand and order limited discovery was correct. The Plaintiffs' motion for reconsideration does not present any new evidence or demonstrate a clear error of law that would warrant reversing the Court's previous order.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion for Reconsideration **[ECF No. 57]** is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 14th day of March 2025.

<u>/s/HENRY T. WINGATE</u>
**UNITED STATES DISTRICT COURT JUDGE**